May Term, 1855.

EVERETT v. THE STATE.

The judgment is affirmed with costs.

*J. Perry*, for the appellant.

*W. A. Bickle*, for the appellees.

---

EVERETT *v.* THE STATE.

When several persons are jointly indicted, but separately tried, either, if he consents, is competent to testify on behalf of the other.

APPEAL from the *Marion* Circuit Court.

Saturday, July 14.

GOOKINS, J.—The appellant was indicted jointly with *James Broughard* and *William Hinesley*, for burglary. He was separately tried and convicted at the *December* term, 1854, of the *Marion* Circuit Court.

On the trial he offered as a witness in his behalf *Hinesley*, who was indicted with him, who had not been convicted, and who consented to testify on behalf of *Everett*. He was objected to by the state as incompetent, and his testimony was excluded, for the reason assigned.

The statute regulating practice in civil suits has this provision: "No person offered as a witness shall be excluded from giving evidence in any judicial proceeding, by reason of incapacity from crime or interest; but this sec-

tion shall not render competent a party to an action," &c. 2 R. S. 1852, p. 80, s. 238.

The statute regulating the practice in criminal cases, has the following section: "The following persons are competent witnesses: 1st. All persons who are competent to testify in civil actions. 2d. The party injured by the offence committed. 3d. Accomplices, when they consent to testify." 2 R. S. 1852, 372, s. 90.

It is also provided, that "when two or more defendants are indicted jointly, any defendant requiring it must be tried separately;" id., 375, s. 105; and when tried jointly, a defendant against whom sufficient evidence does not appear to put him on his defence, may be discharged by the Court, for the purpose of giving testimony for his co-defendant.

Under these statutes, we think *Hinesley* was a competent witness. If he could have been excluded at all, it was because he was a party to the suit; but as the right to a separate trial is absolute, when the defendants sever, it is as much a separate suit, in respect to each, as if they were separately indicted. The 105th section does not apply to the case; that refers to joint trials.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*R. L. Walpole, D. Wallace* and *T. D. Walpole*, for the appellant.

*D. C. Chipman* and *J. W. Gordon*, for the state.