Baker *et al. v.* The State.

———◆———

## BAKER ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Evidence.—Defendant Discharged Compelled to Testify against Codefendant.*—Where two or more defendants are jointly indicted for the same offence, the prosecuting attorney may, by leave of court, dismiss the prosecution as to any one of them, and compel him to testify as a witness against the others.

SAME.—*Indictment.—Directors of Turnpike Company.—Failure to Make and Publish Statement.*—Where the directors of a turnpike company fail or refuse to cause to be made out and published, a full and complete statement under oath of the financial condition of their company, as required by the act of March 9th, 1875, (1 R. S. 1876, p. 673,) they may be indicted and prosecuted under the second section of such act.

From the Ohio Circuit Court.

*H. D. McMullen, W. H. Matthews, F. Adkinson* and *G. M. Roberts,* for appellants.

*C. A. Buskirk,* Attorney General, for the State.

PERKINS, C. J.—The following indictment was duly placed upon record in the Dearborn Circuit Court:

"The grand jurors of the State of Indiana, in and for the county of Dearborn, good and lawful men, duly and legally empanelled, sworn and charged in the Dearborn Circuit Court, at its February term, A. D. 1877, to inquire

in and for the body of said county, in the name and by
the authority of the State of Indiana, upon their oaths,
present and charge, that, at and in the county of Dearborn
and State of Indiana, one William H. Baker, Zachary T.
Baker, Mortimer K. Goodrich, William Hill and Ambrose
E. Nowlin were, on the 3d day of January, A. D. 1876,
duly selected and qualified as the members of a board of
directors of a certain corporation, commonly called and
known by the name of 'The Lawrenceburgh and Na-
poleon Turnpike Company,' a corporation created and
organized under a special act of the General Assembly of
the State of Indiana, and now conducted and doing the
business of said corporation under the general laws of
the State of Indiana, defining the rights, powers and
duties of turnpike companies, etc., and the officers thereto
belonging, and in the corporate name, 'The Lawrence-
burgh and Napoleon Turnpike Company,' being located in
the said Dearborn county, and State of Indiana; and the
directors aforesaid, officers of said corporation, reside in
said Dearborn county, and State aforesaid; they, the said
William H. Baker, Zachary T. Baker, Mortimer K. Good-
rich, William Hill and Ambrose E. Nowlin, members of
the board of directors of said turnpike company as afore-
said, did then and there, to wit, during the first week of
July, A. D. 1876, unlawfully fail, neglect and refuse to
make or cause to be made out a full and complete state-
ment of all moneys, rights, credits, property and assets
of every kind owned or held by the said turnpike com-
pany, together with the amount of its liabilities, also
showing the amount of capital stock of said company,
and its gross receipts, for the previous years of 1875 and
1876, with the amounts paid out for repairs, for improve-
ments, on account of litigation, on account of its officers
and on account of all other expenses, which shall be
properly classified, and have said statement sworn to by
the members of said board of directors of the said 'Law-
renceburgh and Napoleon Turnpike Company,' and

attested by the clerk or secretary of said company; and did then and there unlawfully fail, neglect and refuse to have said statement published within fifteen days after the first day of July, 1876, in a newspaper of general circulation, printed and published in said Dearborn county, through which county said road runs, and have the same published two consecutive weeks in such newspaper, they, the said William H. Baker, Zachary T. Baker, Mortimer K. Goodrich, William Hill and Ambrose E. Nowlin, being, during all of said time, and still being, members of said board of directors; and that they unlawfully failed, neglected and refused to make or cause to be made out and publish the said report, as required of them as such directors, as aforesaid, until the 24th day of August, A. D. 1876, contrary to the statute in such case made and provided.                    GEORGE R. BRUMBLAY,
                    " Prosecuting Attorney."

This indictment is predicated on the act of March 9th, 1875.  1 R. S. 1876, p. 673.

On application of the defendants, the venue was changed to the county of Ohio.

On arraignment, defendants Baker, Goodrich, Hill and Nowlin pleaded not guilty.  A jury was empanelled, and a portion of the evidence heard, when the prosecuting attorney, by leave of the court, entered a *nolle prosequi* as to the defendant Hill, who was discharged, and the trial proceeded to its conclusion, resulting in a verdict of guilty against defendants Baker, Goodrich and Nowlin, and the assessment of a fine of one hundred and sixty-five dollars against each of them.

Hill was discharged by the court, that he might be made a witness in the cause.

A motion for a new trial, specifying the following causes, was filed:

1.  The court erred in admitting the testimony of William Hill, and of Jasper Ross;

2. The court erred in giving certain instructions;

3. The court erred in refusing certain instructions;

4. The verdict of the jury is not sustained by the evidence; and,

5. The verdict is contrary to law.

The motion for a new trial was overruled as to Baker and Goodrich, and granted as to Nowlin, and exception taken by the former.

A motion in arrest followed, on the ground of the insufficiency of the indictment. The motion was overruled, and exception taken. Judgment on the verdict was entered against Baker and Goodrich.

The errors assigned in this court are:

1st. The overruling of the motion for a new trial;

2d. The overruling of the motion in arrest of judgment; and,

3d. The overruling of the motion to quash the indictment.

No motion to quash appears in the record; but the sufficiency of the indictment will be determined upon the motion in arrest.

The court did not err in overruling the motion for a new trial.

The instructions referred to in the motion for a new trial, as having been given and refused, are not in the record.

The verdict is abundantly sustained by the evidence.

The court did not err in admitting the testimony of Hill and Ross. They were competent witnesses. No objection appears to have been interposed to Ross as a witness, or to his testimony; and Hill was admitted and compelled to testify, strictly in accordance with the terms of section 106, 2 R. S. 1876, p. 401.

The only remaining question is upon the sufficiency of the indictment.

No particular objection to it is pointed out, and we discover none. The statute upon which the indictment

is based requires the directors of every gravel, turnpike, macadamized or plank road company to·do, in the first week in July, just what the directors of the company named in this indictment did not do, and renders them liable to indictment for failure, etc.

The sixty-day rule as to briefs does not apply to criminal cases.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.