Filed June 25, 1884.

———————◆———————

No. 11,670.

## SHIRCLIFF v. THE STATE.

96 369
148 328

CRIMINAL LAW.— *Conspiracy.* — *Bribery.*— *School Trustee.*— *Employment of Teacher.*—*Indictment.*—An indictment, charging a conspiracy to bribe a township trustee by the payment or promise of money, to employ a person as a teacher of a public school in the township, is good, under section 2139, R. S. 1881, without averring that any of the schools was vacant.

SAME.—*Bill of Exceptions.*—*Continuance.*—*Affidavits.*—*Record.*—In criminal cases, affidavits in support of a motion for a continuance or other motions are made part of the record only by bill of exceptions, and if this be filed in vacation, no time having been given therefor, it is no part of the record.

VOL. 96.—24

SAME.—*Discharge of Defendant to Testify.— Witness. —Practice.*—Where one of two persons indicted is discharged under section 1804, R. S. 1881, in order to make him a witness, objection thereto can not be first made in the Supreme Court.

SAME.—*Special Judge.—Appointment of.—Presumption.—Judgment.*—After a verdict of guilty upon an indictment, and motions for a new trial and in arrest of judgment and for discharge had been overruled, the defend- ant made default before judgment. At the next term the special judge who tried the cause was absent, and the regular judge, being unable to hold the court, appointed another special judge, whose appointment and oath were entered of record, and on the same day another special judge was appointed, and his appointment and oath likewise recorded, and this last judge acted in the cause, and rendered judgment. It did not appear whether the special judge first appointed acted at any time during the term.

*Held,* that it would be presumed that the judge who acted was appointed because the first appointee absented himself, and, therefore, properly ap- pointed.

From the Martin Circuit Court.

*C. H. McCarty, E. Moser,* — *Shirey* and — *Brooks,* for ap- pellant.

*F. T. Hord,* Attorney General, *J. E. Henley,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ZOLLARS, J.—An indictment was returned against appel- lant and one Edward O'Connor. The material part of the indictment is as follows: " That Alexander Shircliff and Ed- ward O'Connor * * * did then and there unlawfully and feloniously unite, combine and conspire, each with the other, for the purpose of feloniously, unlawfully and corruptly brib- ing and offering to bribe, and by the payment of money by said Alexander Shircliff and Edward O'Connor, and by the promise of the payment of money by the said parties, to cor- ruptly and feloniously influence one Valentine Strange, who was then and there the township trustee of Brown township, of Martin county, and *ex officio* school trustee within and for said Brown township, of Martin county, to employ the said Edward O'Connor as teacher of one of the public schools of said township, to wit, in one of the district schools for the

period of 100 days, at the price of $2.50 per day, and, as a further combination and conspiracy with each other, to unlawfully, feloniously and corruptly bribe and influence said Valentine Strange, as such trustee as aforesaid, to so employ said Edward O'Connor as such teacher, he, the said Edward O'Connor, and Alexander Shircliff agreeing to allow said Valentine Strange to retain for his own individual and personal use, out of the said wages of said Edward O'Connor, as such teacher, the sum of $50, contrary," etc. This indictment is not as concise and perspicuous as it might be, but properly understood and interpreted, it is not double.

Properly interpreted, it charges that the defendants conspired and confederated together for the purpose of unlawfully influencing the trustee by the corrupt and unlawful use of money. The prosecution is based upon sections 2139 and 2009, R. S. 1881.

It is provided in section 2139 that any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony shall, upon conviction thereof, be fined in any sum, etc., and imprisoned, etc.

It is provided in section 2009 that whoever corruptly gives, promises, or offers to any State officer, or other officer, agent or employee of the State, or person holding any office of trust or profit under the laws of this State, any money or valuable thing, or corruptly offers or promises to do any act beneficial to such person to influence his action, vote, opinion or judgment in any matter pending, or that might legally come before him, shall, upon conviction, be fined and imprisoned in the State prison, etc.

It is not charged that any of the schools were without teachers, but we know, as a matter of law, that it is the duty of school trustees to employ teachers, and that such employment is a " matter that might legally come before him." It is not necessary that the means agreed upon to influence the officer shall be such as may be enforced as a legal contract; nor is it necessary that the object of the conspiracy should

be consummated. *Miller* v. *State*, 79 Ind. 198. The purpose of the statute is to protect the public service, and hence it is made a crime to conspire and confederate to corrupt and debauch it. The indictment makes a case under the statute, and the motion to quash was therefore correctly overruled.

Appellant insists that the judgment should be reversed, because the court below erred in overruling his motion for a continuance, and in the admission of improper evidence.

We can not disregard the contention of counsel for the State, that these questions are not presented by the record. The motion for a new trial was overruled, and judgment rendered upon the verdict, on the 9th day of April, 1884. No time was asked or given in which to file a bill of exceptions. A bill was filed with the clerk after the expiration of the term of court. Under the statute and repeated decisions of this court, the bill thus filed did not become a part of the record, and hence the matters therein stated can not be considered in the decision of the case. Section 1847, R. S. 1881; *Colee* v. *State*, 75 Ind. 511.

An affidavit for a continuance is not a part of the record on appeal to this court, unless brought into the record by a bill of exceptions. *Colee* v. *State, supra; Beard* v. *State*, 54 Ind. 413.

In this case the affidavit for a continuance was not copied into the bill of exceptions, and hence is not before us; and if it had been, it would not be before us for the reason that the bill of exceptions is not in the record. An objection and exception upon the admission of evidence can be presented only by a bill of exceptions. As the bill in which it was sought to present the question upon the admission of evidence in this case is not in the record, no such question is before us.

Appellant was arrested upon a bench warrant, and admitted to bail. After this, upon his motion, there was a change of venue from the judge. A special judge was appointed to try the case. The record states that, following this, O'Connor was discharged to be used as a witness for the State.

Shircliff v. The State.

The statute provides that when two or more persons are included in one prosecution, the court may, at any time before the defendant has gone into his defence, direct any defendant to be discharged, that he may be a witness for the State. Section 1804, R. S. 1881; Moore Crim. Law, section 319; *Baker* v. *State*, 57 Ind. 255. There is nothing to show but that the discharge of O'Connor was by the direction of the court. Some question is made that the special judge had no authority to direct the discharge. So far as shown by the record, no objection was made in the court below, either to the authority of the judge to act in the premises, or to the discharge of O'Connor. The objection here for the first time comes too late, as the failure to object below was a waiver.

The verdict, fixing appellant's imprisonment in the State prison at two and one-half years, and imposing a fine of $100, was returned on the 31st day of January, 1884. A motion for a new trial was filed on the 1st day of February, and overruled, as also a motion to discharge appellant, and a motion to arrest the judgment.

Appellant having absented himself from the court, his bond was forfeited, and an order made for his arrest. In this shape the case went over to the April term. At that term the special judge who tried the case does not seem to have been present. The regular judge, being unable to preside, appointed an attorney as a special judge, apparently for the term. His appointment and oath were filed and recorded.

On the same day the regular judge made an appointment of another attorney as a special judge. In this appointment the fact of the change of venue from the regular judge, the appointment of the special judge who tried the case at the previous term, the fact that on account of appellant's absence from court the case was not disposed of at that term, and the fact that the said special judge had failed to appear at the April term, etc., were recited. This appointment, together with the oath of the appointee, was properly recorded.

Subsequent to this, the last appointed special judge ordered

appellant into the custody of the sheriff, and rendered judgment upon the verdict. From this custody appellant moved to be discharged. The motion was based upon an affidavit; the affidavit is copied into the transcript by the clerk. This, however, does not make it a part of the record. To become a part of the record it should have been incorporated into a bill of exceptions. As it has not been so brought into the record, we can not look to it in passing upon the motion. The contention is that the special judge who ordered appellant into custody, and pronounced judgment upon the verdict, had no authority to do so, by reason of the previous appointment of a special judge for the term. As to whether that special judge presided at any time during the term, or was at any time present except when he filed his written appointment, is not shown by the record. For aught that appears from the record he was absent, or for some cause was unable to preside. In support of the regularity and validity of the proceedings, and in the absence of a contrary showing, it should be presumed that he either declined or was unable to preside. Such being the case, the regular judge had the undoubted right to appoint another special judge to finally dispose of appellant's case. *Fassinow* v. *State*, 89 Ind. 235.

As the record presents no question or error which would justify a reversal, the judgment is affirmed, with costs.

NIBLACK, J., did not participate in the decision of this case. Filed June 25, 1884.