## The State v. Graham, *Appellant.*

1.  **Indictment** : BRIBING AN OFFICER.   An indictment under Revised
    Statutes, section 1470, for bribing an officer to appoint the defend-
    ant to an office, need not allege that the latter was eligible to the
    office.

2.  ———— : ————.   The *gravamen* of the offense is the intention to
    influence the official action of the officer by giving him a bribe.

3.  ———— : ———— : INSTRUCTION.   The judgment reversed because of
    the error of the court in refusing a proper instruction asked by
    defendant.

*Appeal from Pettis Criminal Court.*—Hon. J. E. Ryland, Judge.

REVERSED AND REMANDED.

*L. L. Bridges* for appellant.

(1) Unless Graham was eligible to the office of city engineer, his offer to bribe Rickman to appoint him to it could have effected nothing, and so there could have been no mischief. The indictment charged no offense. *State v. Buster*, 90 Mo. 514; Wharton's C. L. [7 Ed.] sec. 2686. (2) The indictment is also fatally defective in that it contains no allegation that Rickman, at the time defendant offered to bribe him, was the qualified or acting mayor, or that he had the authority to make the appointment. (3) The court erred in refusing defendant's instructions.

*B. G. Boone*, Attorney General, for the state.

(1) The offense, under the statute, consists in the giving or engaging to give money or other valuable consideration to an officer to influence him in his official conduct. R. S., sec. 1470; *Hutchinson v. State*, 36 Tex. 293. (2) The indictment is definite and certain in charging that the bribe was offered to Rickman as the legally and duly elected mayor of the city of Sedalia, to corruptly influence and induce him, the said Rickman, to procure for appellant a certain office. These averments in the formal language of the indictment sufficiently charge the crime. *Watson v. State*, 39 Ohio St. 123. (3) The official character of the mayor is sufficiently charged. *State v. Pearce*, 14 Fla. 153. (4) The offense was complete when the bribe was offered to Rickman after his election, whether he had qualified or was acting as mayor at the time or not. *State v. Ellis*, 33 N. J. L. 102; *Florez v. State*, 11 Tex.

App. 102. (5) It was not necessary to allege that Graham was eligible or that there was a vacancy in the office of fire engineer. An indictment for bribing or offering to bribe need not allege with particularity the acts required to be done for the bribe. *Reed v. State*, 43 Tex. 319; *People v. Markham*, 64 Cal. 157. The promise or the payment of money to a public officer to corruptly induce him to appoint one teacher in a public school is bribery, although there is no vacancy at the time. *Shircliff v. State*, 96 Ind. 369; *Rex v. Vaughan*, 4 Burr, 2494. (6) The indictment clearly shows the mayor's authority to appoint. (7) The instructions, given in the case, present every phase of the law and are all that were required.

NORTON, C. J.—Defendant was tried and convicted in the criminal court of Pettis county and sentenced to five years imprisonment in the penitentiary under the following indictment: "The grand jurors for the state of Missouri, empaneled, sworn and charged to enquire within and for the body of the county of Pettis and state of Missouri, upon their oaths, present and charge that heretofore, to-wit, on the first day of June, 1884, at the county of Pettis and state of Missouri, Isaac Graham wickedly, advisedly, corruptly, feloniously and unlawfully did solicit, urge and endeavor to procure John B. Rickman, he, the said John B. Rickman, being then and there the legally and duly elected mayor of the city of Sedalia (a municipal corporation), then and there being and having the power to appoint certain offi- cers of said city, subject to the confirmation of the city council thereof, and, among other officers, one known and designated as engineer of the steam fire engine of the city of Sedalia, being an officer of said city, to appoint him (the said Graham) as such officer, and did unlawfully, wickedly, corruptly and feloniously give the said John B. Rickman, as such mayor, a large sum of money, to-wit, the sum of twenty-five dollars, the

same being then and there a gratuity and reward, with the intent then and there to corruptly influence and induce such officer, as mayor of said city, to give and procure for him, by his act, influence and interest, to-wit, by his official appointment and by his official influence and interest as such mayor, the office and appointment of engineer of the steam fire engine of the city of Sedalia as aforesaid, the office being then and there a place of trust in said city ; the said sum so as aforesaid given being feloniously and corruptly given as a bribe, present and reward, in contempt of the laws in such cases made and provided, and to the evil example of others in like cases offending, and against the peace and dignity of the state.''

The action of the court in overruling a demurrer to the indictment is assigned for error. The indictment is based on the following statute (R. S., sec. 1470) : ''Bribing officer to appoint to office, etc.—Every person who shall, directly or indirectly, give, or engage to give, any sum of money or other valuable consideration, gratuity or reward to any officer : First, with intent to influence or induce such officer to give or procure for him or any other, by his act, interest, influence or other means whatever, any appointment, office or place of trust, or any preferment or emolument, or assist, by any means whatsoever, to procure the same ; or second, in consideration of any office or appointment, preferment or emolument, act, interest or influence, or any aid or assistance in procuring or attempting to procure such appointment, office or place of trust, or any emoluments, shall, on conviction, be adjudged guilty of bribery, and punished by imprisonment in the penitentiary for a term not exceeding seven years.''

The indictment in question alleges every fact necessary to constitute the offense defined by the statute. It charges that Rickman was the mayor of the city of Sedalia, and as such had the power to appoint

defendant to the office of engineer of the steam fire engine of said city, subject to the confirmation of the city council, and that defendant did feloniously, etc., give to said Rickman twenty-five dollars with the intent to corruptly influence said Rickman as mayor to appoint and procure for him the office of engineer of said engine.

It was not necessary under this statute, in order to make a valid indictment, to aver that defendant was eligible to the said office, for the purpose of being appointed to which he gave the bribe. The *gravamen* of the offense interdicted by the statute is the intention to influence the official action of the officer by giving him a bribe, and this is sufficiently set forth in the indictment. *Schircliff v. State*, 96 Ind. 369; *Rex v. Vaughan*, 4 Burr, 2494; *Watson v. State*, 39 Ohio St. 123.

Defendant asked, and the court refused to give, the following instruction :

"In order to convict defendant in this case, it devolves upon the state to prove affirmatively and by competent evidence that defendant, within three years prior to the finding of the indictment, offered to pay, or did actually pay, to John B. Rickman money, gratuity, reward, or some other valuable consideration, with the intent to induce or procure him, the said Rickman, to appoint defendant to the office of city engineer of the steam fire engine of the city of Sedalia, and that at the time of paying such money, gratuity, reward or other consideration the said Rickman was an officer of the city of Sedalia and authorized to make such appointment."

We cannot see upon what grounds this instruction was refused, and for the error committed in refusing it the judgment is reversed and cause remanded. All concur, except RAY, J., absent.