## THOMAS ALVIN MILLINGTON v. STATE OF INDIANA.

[No. 3-672A18. Filed November 15, 1972. Rehearing denied February 7, 1973. Transfer denied May 7, 1973.]

Patrick Brennan, Larry L. Ambler, of South Bend, Robert S. Currey, of Mishawaka, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

SHARP, J.—This is an appeal by Thomas Alvin Millington, Defendant-Appellant, from a conviction for Second Degree Burglary and Safe Stealing. Appellant was charged by affidavit with the above two counts and trial was had to the court without the intervention of a jury. The trial court found Appellant guilty on both counts. Appellant's Motion to Correct Errors, which was overruled, presents three issues for review, which are as follows:

(1) Whether the trial court erred in requiring the witness, Dennis Weaver, an accomplice, to testify and whether Dennis Weaver had consented to testify.

(2) Whether the trial court erred in refusing to admit into evidence a copy of an agreement between the defendant and a trade school for the purpose of establishing an alibi.

(3) Whether the verdict of the trial court was contrary to the weight of the evidence.

The evidence most favorable to the State and the conviction below may be summarized as follows:

On October 29, 1970, at approximately 12:15 A.M., police officers patrolling the area noticed signs that the Toasty Shop Restaurant had been broken into and duly notified the owner, Mr. Hendricks. He arrived at the restaurant shortly thereafter to discover that the safe was missing together with its contents. The safe had been in the restaurant prior to Mr. Hendricks' departure the night before and had been locked by the manager.

Dennis Weaver, an accomplice who had filed a Supplemental Affidavit implicating Appellant in the burglary, testified that

he, the Appellant, and a third party broke into Toasty's at about 12:00 P.M. October 28, 1970. Appellant drove his own car and remained in it during the theft. The safe was placed into Appellant's automobile by the three men and was taken to a garage of an acquaintance of Weaver, where it was broken into and the contents removed. The safe was then placed back into the car, taken to a bridge and thrown into a river.

The owner of the garage heard Weaver refer to one of the parties as Millington but could not make a positive identification.

I

Appellant was convicted almost solely on the uncorroborated testimony of Dennis Weaver, an accomplice who had pled guilty in an earlier juvenile proceeding. When Weaver was first called to the witness stand by the prosecution, Appellant's counsel immediately challenged the competency of the witness under IC 1971, 35-1-31-3, Ind. Ann. Stat. § 9-1603 (Burns 1956). The challenge was predicated upon the fact that it had not been ascertained whether Weaver had consented to testify. The question was finally put to the witness, who in response thereto, stated that he refused to testify. However, Weaver did not give a reason for his refusal. A lengthy argument ensued at the end of which the trial court held a hearing upon request of the Prosecuting Attorney pursuant to IC 1971, 35-6-3-1, Ind. Ann. Stat. § 9-1601a (Burns 1972 Supp.). At the conclusion of said hearing the trial court ordered the witness to testify and granted him immunity from further prosecution.

The fundamental issue is whether the consent requirement of § 9-1603 is applicable to the case at bar, and, if so, whether it takes priority over and abrogates the effect of § 9-1601a as to an accomplice, either before or after said accomplice has been convicted or pled guilty to the same offense. The two statutes with which we are immediately concerned read as follows:

"9-1601a. Compelling incriminating testimony—Immunity from prosecution—Exceptions.—Any witness, in any criminal proceeding, before a court or grand jury, who refuses to answer any question and/or produce any evidence of any kind on the ground that he may be incriminated thereby, may be ordered by the court to answer any question and/or produce any evidence upon a written request by the prosecuting attorney: Provided, That the witness shall be provided with timely notice and a separate hearing on the merits of the order. Unless the court finds that the issuance of the order would be clearly contrary to public interest, the witness shall comply with the order of the court. If, but for this section the witness would have been privileged to withhold the answer given or the evidence produced, he shall not be prosecuted or subjected to penalty or forfeiture for or on account of any answer given or evidence produced: Provided, further, That such immunity shall not be allowed in the case of any perjury, false swearing or contempt committed in answering, or failing to answer, or in producing, or failing to produce, evidence in accordance with the order of the court."

"9-1603 [2267]. Who are competent witnesses.—The following persons are competent witnesses: First. All persons who are competent to testify in civil actions. Second. The party injured by the offense committed. Third. Accomplices, when they consent to testify. Fourth. The defendant, to testify in his own behalf. But if the defendant do not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section."

In order to ascertain the applicability of § 9-1603 to the case at bar, it is first necessary to determine the common law background against which the statute was enacted. At common law, a defendant in a criminal proceeding was deemed incompetent to testify in said proceeding for reasons relating to his lack of credibility. 2 Wigmore, *Evidence* § 579, p. 701 (3rd Edition, 1940). With similar logic, the courts at common law held that when two or more defendants were tried upon the same charge in the same clause, all were disqualified from

giving any testimony. *Wigmore, supra,* § 580, p. 707. If one of the several defendants, however, ceased to be a party to the cause, the infirmity was removed and he was competent to be a witness. Thus, at common law, the incompetency of an accomplice held true so long as and only so long as the accomplice was a party to the proceeding. *Wigmore, supra,* § 780, p. 707.

The majority of jurisdictions, among which Indiana is included, enacted legislation which removed the disqualification or incompetency of the accused by using the phrase that he was receivable "in his own behalf." IC 1971, 35-1-31-3, Ind. Ann. Stat. § 9-1603 (Burns 1956). The above statutory language, while permitting a defendant to testify in his own behalf, failed to provide for competency when testifying on behalf of or against another defendant in the same cause. However, in Indiana and elsewhere, there were statutory enactments declaratory of the common law rule as to the procedure for making a codefendant competent by removing him from the record. In Indiana the statute is IC 1971, 35-1-31-7, Ind. Ann. Stat. § 9-1609 (Burns 1956) which reads as follows:

> "When two [2] or more persons are included in one prosecution, the court may, at any time before a defendant has gone into his defense, direct him to be discharged, that he may be a witness for the state. A defendant may also, when there is not sufficient evidence to put him on his defense, at any time before the evidence is closed, be discharged by the court for the purpose of giving testimony for a codefendant. The order of discharge shall be a bar to another prosecution for the same offense."

The above statute does not provide that the discharged defendant consent before he may be competent to give testimony for the State, nor have our courts so interpreted the statute. In *Baker et al.* v. *State* (1877), 57 Ind. 255, our Supreme Court held that where two or more defendants are jointly indicted for the same offense, the State may dismiss the prosecution as to any one of them,

and *compel* him to testify against the others. See also *Green* v. *State* (1960), 241 Ind. 96, 168 N.E.2d 345.

Also, an accomplice who had been found guilty or pled guilty in a separate proceeding was not rendered incompetent as an accomplice since he had been charged in a separate proceeding. If it was a conviction for an infamous crime, the accomplice would have been incompetent because of said conviction rather than his connection with the proceeding in which he was to testify. The infirmity of incompetency for conviction for an infamous crime was removed for criminal proceedings by IC 1971, 35-1-31-2, Ind. Ann. Stat. § 9-1602 (Burns 1956) read in conjunction with IC 1971, 34-1-14-14, Ind. Ann. Stat. § 2-1725 (Burns 1968). *Niemeyer* v. *McCarty* (1943), 221 Ind. 688, 51 N.E.2d 365; *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210.

All of the above criminal statutes can be traced back to 1852. *Everett* v. *State* (1855), 6 Ind. 495. They are part of the same general act and, as such, are pari materia. They must, therefore, be construed with reference to each other. They must also be construed against the common law background against which they were enacted. In summary, then, it can be seen that the statutes removed the common law disqualifications for accomplices who had been previously convicted in a separate proceeding or who had been discharged from the same proceeding and compelled to give testimony. For situations not included above the legislature enacted the provision of § 9-1603 whereby all accomplices were deemed competent if they consented to testify.

Consent was and is not a prerequisite to the competency of an accomplice. All accomplices are deemed competent in the first instance. Incompetency at common law did not go to any physical or mental disability or to a specific privilege, but rather to credibility. *Shepard* v. *State* (1971), 257 Ind. 229, 277 N.E.2d 165. By the above statutory enactments, the credibility of an accomplice became a question for the trier of fact. At most, the term consent, as

used in § 9-1603 is a condition subsequent which applies only to those accomplices who might be placed in jeopardy by their testimony. Viewed in this light, consent becomes synonymous with a waiver of the accomplice's right or privilege against self-incriminaton afforded by the Fifth Amendment to the United States Constitution. In other words, an accomplice is not incompetent until he consents to testify; rather, all accomplices are competent, but a specific class must give their consent before they will be allowed to testify. The class that must consent are those that have rights and privileges protected under the Fifth Amendment.

But if the accomplice would no longer be placed in jeopardy by his testimony, his consent would no longer be necessary. This is recognized in § 9-1609 which provides that a co-defendant could be discharged and compelled to give testimony. *Baker* v. *State, supra.* IC 1971, 35-6-3-1, Ind. Ann. Stat. § 9-1601a (Burns 1972 Supp.) provides that any witness may be compelled to answer any question addressed to him but he shall not be prosecuted on account of any answer given.

Procedurally, § 9-1601a is similar to § 9-1609 and it was enacted to cover situations not reached by the earlier statute. We believe that § 9-1601a is applicable to the case at bar. As a co-defendant may be discharged and compelled to give testimony, so may an accomplice indicted in a separate proceeding, upon a grant of immunity, be compelled to give testimony. To hold otherwise would be to completely vitiate the intended effect of the provisions of § 9-1609a.

It should also be noted that if the hearing had taken place prior to the trial, Appellant would have no grounds for complaint. The factors that induce an accomplice to give testimony have relevance only in so far as they might affect the credibility of his testimony. In *Adler* v. *State* (1966), 248 Ind. 193, 196, 255 N.E.2d 171, our Supreme Court was confronted with the question of the voluntariness of the consent and stated:

"At the same time, no one can exclude the relevant testimony of a witness from a trial so long as such witness is competent under the statute, regardless of the fact that such witness may be threatened, bribed, or influenced."

The accomplice, Dennis Weaver, was competent under the statute and after being granted immunity from further prosecution and on threat of contempt, testified for the prosecution. We hold that there was no error in invoking the provisions of § 9-1601a.

## II

The second issue raised by Appellant is that the trial court committed error in excluding from the evidence an application for enrollment in a trade school which was purportedly executed on the date of the alleged offenses.

The Notice of Intention and Offer of Alibi was in very general terms and referred only to October 28, 1970 without specifying exact times. The State offered evidence that the burglary occurred between 11:00 P.M. and 12:00 P.M. The representative of the trade school allegedly visited the home of Appellant between the hours of 6:30 P.M. and 9:00 P.M. of October 28, 1970.

The prosecution objected to the introduction of the document on the grounds that it was self-serving, uncertified, and that there was no foundation evidence presented to show that the offered copy was authentic, it being a carbon copy on one side and an original on the other. Appellant in his brief contends that because he was attempting to establish his alibi defense, the formal rules of evidence should have been relaxed as to the admissibility of the document in question.

In *Cooper* v. *State* (1922), 193 Ind. 144, 139 N.E. 184, our Supreme Court held that in a prosecution for uttering forged paper it was not error to refuse to admit into evidence a bank deposit ticket in the defendant's favor bearing the date of the alleged offense and offered to corroborate testimony that the accused was in another city on the day the offense was

committed, where it appeared that the slip may have been made out by the defendant and amounted only to an ex parte statement by him while not under oath.

We believe the same rule applies with equal force to the factual situation at bar and hold that it was not error to exclude the application. Furthermore, the crime occurred at approximately 12:00 P.M. on October 28, 1970. The representative allegedly visited between the hours of 6:30 P.M. and 9:00 P.M., the same date. Even if the document had been admitted, it would have been immaterial to the whereabouts of Appellant at the time the crime was committed.

## III

Finally, Appellant contends that the testimony of the accomplice, to which there was no substantial corroboration, was so unreliable and inconsistent that the trial court should not have found the Appellant guilty beyond a reasonable doubt.

Even if the accomplice's testimony was entirely uncorroborated, Indiana case law is replete with the principle that a defendant may be convicted solely on the uncorroborated testimony of an accomplice. *Martin* v. *State* (1972), 258 Ind. 83, 279 N.E.2d 189; *Fitzgerald* v. *State* (1966), 248 Ind. 19, 291 N.E.2d 603; *Smith* v. *State* (1961), 241 Ind. 601, 174 N.E.2d 47.

The inconsistencies in the accomplice's testimony, by his own admission, were to his desire to protect the Appellant from possible imprisonment. A witness may be given the opportunity to explain and reconcile apparent discrepancies without discrediting his entire testimony. 3 Wigmore, *Evidence,* § 1037 (1940).

It is not the function of this court to weigh the evidence or resolve questions of credibility. *Butler* v. *State* (1967), 249 Ind. 484, 229 N.E.2d 471. Only where the evidence is without conflict and can lead to but one conclusion will the decision of the trial court be set

aside on the ground that it is contrary to law. *Pavach* v. *State* (1971), 149 Ind. App. 293, 271 N.E.2d 896.

For all the foregoing reasons, the judgment of the trial court should be and hereby is affirmed.

Judgment affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 289 N.E.2d 161.