ROBERT G. BELLAMY *v*. STATE OF INDIANA.

[No. 3-774A124. Filed July 10, 1975.]

*Alban L. Smith,* of Michigan City, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert M. Lingenfelter,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Robert G. Bellamy was convicted of the crime of entering with intent to commit a felony following a trial before a jury. His motion to correct

errors was overruled by the trial court, and this appeal was perfected.

The first issue which must be considered on appeal is whether the trial court erred in refusing to allow appellant's trial counsel to conduct a *voir dire* examination of an accomplice-witness to determine the competency of such witness. Appellant has asserted both in the trial court and on appeal that such a witness is incompetent to testify until his consent to his appearance as a witness is established. This assertion is founded upon the following language contained in IC 1971, 35-1-31-3, Ind. Ann. Stat. § 9-1603 (Burns 1956) :

"Who are competent witnesses.—The following persons are competent witnesses:

\* \* \*

"Third. Accomplices, when they consent to testify. \* \* \*."

The case of *Millington* v. *State* (1972), 154 Ind. App. 42, 289 N.E.2d 161 (transfer denied), is dispositive of this issue. Therein, this court, at 47-48 of 154 Ind. App., at 165-66 of 289 N.E.2d, in discussing this statutory provision, stated:

"Consent was and is not a prerequisite to the competency of an accomplice. All accomplices are deemed competent in the first instance. Incompetency at common law did not go to any physical or mental disability or to a specific privilege, but rather to credibility. Shepherd v. State [257 Ind. 229], 277 N.E.2d 165 (1971). \* \* \* At most, the term consent, as used in § 9-1603, is a condition subsequent which applies only to those accomplices who might be placed in jeopardy by their testimony. Viewed in this light, consent becomes synonymous with a waiver of the accomplice's right or privilege against self-incrimination afforded by the Fifth Amendment to the United States Constitution. In other words, an accomplice is not incompetent until he consents to testify; rather, all accomplices are competent, but a specific class must give their consent before they will be allowed to testify. The class that must consent are those that have rights and privileges protected under the Fifth Amendment.

"But if the accomplice would no longer be placed in jeopardy by his testimony, his consent would no longer be necessary. This is recognized in § 9-1609 which provides

that a codefendant could be discharged and compelled to give testimony. Baker v. State, *supra* [57 Ind. 255 (1877)]. IC 1971, 35-6-3-1, Ind. Ann. Stat. § 9-1601a (Burns 1972 Supp.) provides that any witness may be compelled to answer any question addressed to him but he shall not be prosecuted on account of any answer given."

In the case at bar, the record reveals that the accomplice-witness had entered a guilty plea upon a charge arising from his conduct with appellant prior to the trial of this cause. Therefore, under the reasoning expressed hereinabove, such witness was competent to testify under IC 1971, 35-1-31-3; *supra*, and appellant's request to examine the witness was properly denied by the trial court.

Appellant also questions the sufficiency of the evidence presented at trial to support his conviction. When questions regarding the sufficiency of the evidence to support a conviction are raised on appeal, this court will only consider the evidence most favorable to appellee-State together with all reasonable inferences to be drawn therefrom. We will neither weigh the evidence nor determine the credibility of witnesses. *Freeman* v. *State* (1975), 163 Ind. App. 650, 325 N.E.2d 485.

The elements of the offense of entering with intent to commit a felony are 1) an entry 2) into certain types of enclosures (including dwelling-houses) and 3) a contemporaneous intent to commit a felony therein. IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956).

In the case at bar, it is undisputed that appellant-Bellamy entered a dwelling-house owned by one Edward Stewart. It is further undisputed that appellant exited therefrom with certain property which had been inside such dwelling-house. Thus, the sole remaining issue is whether appellant possessed the requisite intent while so acting.

In determining appellant's intent at the time of the incident described herein, the jury could have properly considered

30

his conduct and the natural and usual sequence to which such conduct logically points. Further, such intent need not have been established by direct evidence, but rather may be logically and reasonably inferred by the trier of fact from other evidence, if it is satisfied beyond a reasonable doubt as to the existence of such intent. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888; *McIntosh* v. *State* (1970), 254 Ind. 484, 260 N.E.2d 775.

The statements of fact and reasonable inferences therefrom most favorable to the State in the record of this cause which are germane to this issue establish that appellant and one Gary Schnick were drinking at a third individual's home on the evening in question. During this time appellant was informed that Edward Stewart had a quantity of barbiturates in his home. Appellant and Schnick then proceeded to Stewart's abode for the purpose of purchasing barbiturates.

Upon his arrival at Stewart's home, appellant was admitted to the home by an eight-year old child. Appellant told the child the police were coming, and that Stewart had sent him over to get the pills. The child produced "a big bag full of pills" and handed them to him.

Prior to the time that appellant and the child had begun to converse near the front of the house, Schnick had broken into the house through a bedroom window. As appellant and the child talked near the front door, Schnick entered the living room from the rear of the house and began to gather up tape recordings and carry them out. At this time, appellant left the premises with Schnick, taking the barbiturates with him without paying for them. Appellant had never met Stewart, and thus could not have had permission to remove the pills from his home. Later it was appellant who returned to pick up the tapes.

The facts outlined above would be sufficient to establish that appellant had committed a theft of the pills by obtaining unauthorized control of them from their possessor while intending to deprive such possessor permanently of their use

and benefit. See: *Gunder, et al.* v. *State* (1968), 250 Ind. 689, 238 N.E.2d 655; IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974) ; IC 1971, 35-17-5-13 (12), Ind. Ann. Stat. § 10-3040 (12) (Burns Supp. 1974).

Inasmuch as appellant ultimately committed a theft after gaining entrance to the premises, the trier of fact could have reasonably inferred an intent to commit a theft on his part at the time of such entry beyond a reasonable doubt. Accordingly, it must be concluded that appellant's conviction is supported by sufficient evidence. *Tuggle* v. *State* (1969), 253 Ind. 279, 252 N.E.2d 796.

No reversible error having been demonstrated, the judgment of conviction of the trial court must be affirmed.

Affirmed.

Garrard, J., concurs; Staton, P.J., concurs in result.

NOTE.—Reported at 330 N.E.2d 377.