Dye v. The State.

Filed Dec. 15, 1891.

———————◆———————

## No. 16,000.

## DYE v. THE STATE.

PRACTICE.—*Assignment of Error.*—Assigning that the court erred in " overruling the appellant's answer in abatement" presents no question on appeal.

CRIMINAL LAW.—*Dismissal.*—*When May be Made.*—Before jeopardy attaches a prosecution may be dismissed, although an indictment has been preferred.

SAME.—*Information.*—*When Prosecution May be by.*—After a *nolle prosequi* is entered and a prosecution ended, the accused may be prosecuted by information if the grand jury has been discharged and the court is in session.

SAME.—*Conspiracy.*—*Proof of.*—*Co-Conspirators.*—A conspiracy can not be proved by the declarations of the alleged conspirator as against his coconspirator.

SAME.—*Declarations of Receiver as Against Thief.*—The declarations of a receiver of stolen goods are not admissible against the thief, unless it is first shown that a conspiracy existed between the former and the latter.

SAME.—*Admission of Receiver.*—If there be evidence showing a conspiracy, the admissions of the receiver made before the crime is committed is competent as against the thief; otherwise it is not.

From the Union Circuit Court.

*T. D. Evans*, for appellant.

*A. G. Smith*, Attorney General, *G. W. Pigman*, Prosecuting Attorney, and *R. Conner*, for the State.

ELLIOTT, J.—The appellant has specified as error that the court "overruled his answer in abatement." This specification is not a proper one, for no specification in the assignment of errors is sufficient unless it indicates with clearness and precision the ruling assailed. The ruling which the appellant probably intended to specify is that made in sustaining the demurrer to his answer in abatement, but he has failed to specify that ruling, and if we strictly applied the law we should be compelled to hold that his specification is utterly ineffective. We have, however, deemed it best to examine the questions sought to be presented by the specification mentioned.

The answer in abatement is bad. Two propositions support this conclusion :

*First.* Before jeopardy attaches a prosecution may be dismissed, although an indictment has been preferred.

*Second.* After a *nolle prosequi* is entered and a prosecution ended, the accused may be prosecuted by information if the grand jury has been discharged and the court is in session. *Rowland* v. *State*, 126 Ind. 517 ; *State* v. *Drake*, 125 Ind. 367 ; *Sovine* v. *State*, 85 Ind. 576.

It is declared by the authorities that the admissions of the thief are not admissible in evidence against the receiver of the stolen goods when not made in the presence of the latter or where no conspiracy exists. *Reilley* v. *State*, 14 Ind. 217 ; Roscoe Crim. Ev. (8th ed.) 53. If the admissions of the thief in this case were competent, it can only be upon the ground that the accused had conspired with the thief to commit the crime. We have not been shown any evidence tending to establish a conspiracy, nor have we been able to find any. If we could find any such evidence, direct or circumstantial, we could sustain the judgment, but we have not been able to find any evidence remotely tending to prove a conspiracy. We do not, indeed, understand the counsel representing the State to assert that there is any such evidence. What counsel say is this : " The evidence objected

to tended to prove a conspiracy." But it is a rudimental principle that agency, conspiracy or the like, can not be proved by the declarations of the alleged agent or conspirator. To make the admissions of an alleged conspirator evidence there must be some evidence, although it need not be strong, of the existence of the conspiracy. Where there is some such evidence, either direct or circumstantial, the admissions, if made before the crime is committed, is competent, otherwise it is not.

Judgment reversed, with instructions to award a new trial.

Filed Oct. 15, 1891; petition for a rehearing overruled Dec. 15, 1891.