The State of Ohio, Appellee, *v.* Bryan, Appellant.

*Mr. Leo J. Scanlon,* for appellee.
*Mr. J. D. Sears* and *Mr. F. B. Cattey,* for appellant.

GUERNSEY, J. This is an appeal from a judgment entered upon a verdict of guilty returned by a jury on an indictment charging the defendant, appellant herein, Milton Bryan, *alias* George McCann, *alias* John Doe, with the unlawful possession of burglar tools, in violation of the provisions of Section 12439, General Code.

The facts, as disclosed by the bill of exceptions, show that on or about the 29th day of April 1941, in the city of Galion, Crawford county, Ohio, one Rollie Scheidler, a watchman at the Ohio Overcoat Factory in that city, observed a truck parked on a public parking lot directly across the street from the factory at about the hour of 12:30 a. m. This parking lot was ordinarily used for the parking of motor vehicles during the day time. Scheidler reported the circumstances of the truck being parked as mentioned, to the Galion City Police Department, and officer Lauer of that department proceeded to the lot in a police cruiser. Upon arriving there he directed his spot light on the cab of the truck and observed two men sitting in the cab. At first these men appeared to be startled and then suddenly left the truck cab by the door on the opposite side of the truck. The first man, who was later identified as Nat Colton, carried an unlocked zipper brief case which he threw under the truck and then ran to the rear of the truck. The second man, who was identified as Milton Bryan, the defendant herein, ran down

along a creek bank and through underbrush over to East street and on north to the intersection of Charles and East street. Bryan was pursued by officer Lauer who commanded Bryan to halt and when Bryan failed to halt Lauer shot in the air. Bryan having failed to stop after the first shot, Lauer again shot in the air and Bryan then halted and was taken into custody by Lauer.

The record further discloses that Bryan was convicted of the crime of burglary and larceny, in the Common Pleas Court of Franklin county, Ohio, in the year 1906.

The record also shows that the brief case, which was thrown under the truck when the two men hurriedly left the truck, contained burglar tools of various types, including two loaded revolvers.

At the close of the evidence offered on behalf of the state the defendant moved the court to arrest the case from the jury and direct the jury to return a verdict for the defendant on the grounds that the state had failed to offer any evidence showing that any of the articles enumerated in the indictment were in the possession of the defendant; that the state had failed to furnish any evidence whatsoever of any knowledge on the part of the defendant as to the identity of the articles in the brief case; and that the state had failed to show any evidence of an intent on the part of the defendant that any of those articles were to be utilized burglariously.

This motion was overruled and the defendant rested, but immediately withdrew his rest with the consent of the court and again argued his motion which was again overruled by the court. The defendant then rested and renewed his motion and the motion was again overruled.

The defendant did not testify.

The defendant assigns errors in the following particulars:

1. The court erred in overruling defendant's motion for a directed verdict.

2. The court erred in permitting the state to show that windows were found unlocked in a building twelve hours before the defendant came upon the scene.

3. The court erred in refusing defendant's demand for a mis-trial.

4. The court erred in permitting the indictment bearing the expression "*alias* John Doe" to go to the jury, and in employing the "*alias* John Doe" in its general charge when there was no evidence that the defendant ever bore such an *alias*.

5. The court erred in admitting in evidence the criminal docket of Franklin county.

6. The court erred in overruling defendant's objection to being manacled in the presence of the jury.

7. The verdict of the jury is contrary to law and against the evidence, and is not supported by sufficient evidence to justify it.

These assignments will be considered in the order mentioned.

1. From the presence of the defendant and Nat Colton in the cab of the truck in the parking lot at the unusual time and under the unusual circumstances mentioned, where the contents of the unlocked zipper brief case were readily accessible to either of them; from the conduct of the defendant and Colton when the police officer focused the spotlight upon them while they were seated together in the cab of the truck; from their concert of action in leaving the truck; from the conduct of Colton in running to the rear of the truck and throwing the brief case containing various articles, including two loaded revolvers suitable for use and customarily used as burglar tools; from the conduct of the defendant in fleeing from the

police officer; and from defendant's previous record of conviction for burglary there was sufficient evidence to sustain the inference drawn by the jury, as shown by its verdict, that the burglar tools, implements, and so forth, contained in the brief case were in the possession of both the defendant and Colton. These facts and the further facts of the location of the parked truck with reference to the factory of the Ohio Overcoat Company warranted the inference drawn by the jury, as shown by its verdict, of the general intention on the part of the defendant of using such tools or implements burglariously.

This is not a case in which an inference is predicated on an inference, but is a case where two or more inferences may be drawn from the same facts, or from the same facts and additional facts in evidence.

The court therefore did not err in overruling the motion for directed verdict made by the defendant, above referred to.

2. The second assignment of error is predicated upon the admission of the testimony of a witness to the effect that windows were found unlocked in the building of the Ohio Overcoat Factory twelve hours before the defendant's truck was observed upon the scene.

No objection was made to the question the response to which brought into the record the facts mentioned, and the answer was responsive to the question. This being the case the court did not err in overruling defendant's request to take the answer from the jury, as defendant waived the right to object to the answer by failure to object to the question before the answer was given.

3. The third assignment of error is that the court erred in refusing defendant's demand for mis-trial.

This demand appears on page 52 of the bill of exceptions. The motion for mis-trial was made in con-

nection with an objection made by the defendant to an answer made by a witness to a question. The court properly instructed the jury not to consider the answer and overruled the motion for mis-trial. The action of the court in instructing the jury removed any prejudice to defendant that may have been occasioned by the answer objected to.

4. The fourth assigment of error is that the court erred in permitting the indictment bearing the expression *"alias* John Doe" to go to the jury, and in employing the *"alias* John Doe" in its general charge when there was no evidence the defendant ever bore such an *alias*.

The use of the expression objected to, as a designation for a defendant, is customary and has been approved by the courts in criminal cases such as this where the defendant has used different names as a designation for himself, and the court did not err in the respect claimed.

5. The fifth assignment of error is that the court erred in admitting in evidence the criminal docket of Franklin county.

Before this docket was admitted in evidence the state offered evidence tending to prove that all other records in the criminal case in which the defendant had been convicted of burglary had been destroyed by fire, and that the docket complained of was the only evidence available. In this situation the court did not err in admitting the criminal docket in evidence as it was the best and only evidence available of the fact sought to be proved.

6. The sixth assignment of error is that the court erred in overruling defendant's objection to being manacled in the presence of the jury.

It is within the discretion of the trial court to require a prisoner to remain manacled and shackled throughout the trial where it appears that such precautions are necessary to prevent violence or escape.

*Pierpont* v. *State,* 49 Ohio App., 77, 195 N. E., 264; *Makley* v. *State,* 49 Ohio App., 359, 197 N. E., 339.

At the time this objection to being manacled in the presence of the jury was made, the prosecuting attorney stated to the court that the defendant had been sentenced to the Ohio State Reformatory on February 20, 1906, for burglary and larceny, under an indeterminate sentence; that the defendant was returned as a parole violator to the Ohio State Reformatory in 1908; that he was thereafter paroled and again returned as a parole violator on November 29, 1911; that the defendant, under the name of George McCann, was sentenced by the Common Pleas Court at Dayton, Ohio, in February 1924, for burglary, and a sentence of one to fifteen years was imposed; and that he was not released until he had served the maximum sentence.

While counsel for defendant stated that they were not admitting the facts, they made no attempt to deny them.

The sheriff then testified that in his opinion it was necessary that the defendant be manacled.

In view of the facts mentioned, the court did not abuse its discretion in overruling the objection of the defendant.

7. The evidence in the case, considered in connection with the failure of the accused to testify, which under the provisions of Section 10, Article 1 of the Constitution, was a proper subject for consideration by the court and jury in determining the guilt of the accused, tends to prove beyond a reasonable doubt the guilt of the defendant as charged in the indictment and found by the jury in its verdict.

As we find no error in any of the particulars assigned and argued in defendant's brief the judgment of conviction will be affirmed.

*Judgment affirmed.*

KLINGER, P. J., and CROW, J., concur.