(No. 35338.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK ESPOSITO, Plaintiff in Error.

*Opinion filed November 18, 1959—Rehearing denied Jan. 18, 1960.*

Frank W. Oliver, of Chicago, for plaintiff in error.

Grenville Beardsley, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, and William H. South, Assistant Attorneys General, and Francis X. Riley, and Edwin A. Strugala, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Frank Esposito, the defendant, was indicted for the crime of unlawfully and feloniously possessing burglar tools in violation of section 39 of division I of the Criminal Code. (Ill. Rev. Stat. 1957, chap. 38, par. 87.) After waiving trial by jury, he was convicted in the criminal court of Cook County and sentenced to the penitentiary for a term of not less than one nor more than two years. Upon writ of error he now contends the evidence failed to establish either possession or criminal intent.

No testimony was offered upon behalf of the defendant. The evidence presented by the People shows that about 5:20 A.M. on the morning of April 28, 1958, Martin Campbell, a Chicago police officer, observed a Buick automobile traveling near Pulaski and Courtland Streets in the city of Chicago without illumination upon its rear license

plate and that, upon stopping the vehicle, he found defendant sitting behind the steering wheel and another man in the back seat. At the officer's request, defendant presented his driver's license and automobile registration card whereupon the officer ordered both occupants from the car. As they were emerging, defendant's companion fled on foot and was never apprehended. Defendant, however, made no attempt to escape and upon request opened the automobile's glove compartment where the officer found a loaded .38 caliber revolver and a blackjack. Upon making this discovery, Campbell radioed for assistance and a few moments later sergeant Raymond Venn, another police officer, arrived upon the scene. Using defendant's automobile key, Venn unlocked the car trunk in defendant's presence and there found an array of assorted tools and equipment, including two cylinder-tanks about 3 feet long and 4 inches in diameter which were fully loaded with gas, a length of rubber hose connected to two gauges, an acetylene cutting torch, protective eye-goggles, a 10-pound sledge hammer, a 2-foot crowbar, a bolt cutter some 2 to 3 feet long, miscellaneous drift punches, a cold chisel, screw drivers, and a radio capable of receiving police calls. When confronted with this discovery, defendant explained that he was an unemployed laborer, that the automobile was his, that he had loaned it to the man who fled and was in the process of taking him home when stopped by the police, that the tools, gun, and blackjack did not belong to the defendant but were owned by his companion, and that he had no idea how such equipment got into his car. However, he refused to name his companion, and, upon further questioning concerning the matter, demanded to see a lawyer. In addition to the above, Venn also testified that the tools found in defendant's car were suitable for burglary use.

The statute in question (Ill. Rev. Stat. 1957, chap. 38, par. 87,) provides: "Whoever is found having any pick-

lock, crow, key, bit or other instrument or tool, with intent to break and enter any building, ship or vessel, with intent to commit the crime of murder, rape, robbery, larceny, or other felony, shall be imprisoned in the penitentiary not less than one nor more than two years." To convict under this section, it is necessary to prove the adaptation of the tool or implement for breaking and entering, possession thereof by one having knowledge of its character, and intent to use the equipment for such purpose. (*People* v. *Taylor*, 410 Ill. 469.) The intent required, however, is a general intent to use the tools for a criminal purpose and may be inferred from the circumstances accompanying their possession. *People* v. *Taranto*, 2 Ill.2d 476; *People* v. *Taylor*, 410 Ill. 469.

Defendant first insists that the evidence was insufficient to establish his possession of tools suitable for burglary use. Under our statute it is not necessary that the implements in question be originally made or intended for an unlawful use, but it is sufficient if they are capable of being employed for such purpose. (*People* v. *Taranto*, 2 Ill.2d 476; *People* v. *Taylor*, 410 Ill. 469.) The uncontradicted proof offered in this case shows not only that the equipment taken from the defendant's car was adapted for breaking and entering but also that it was in his possession at the time of his arrest. He was the owner of the car and was its driver; the gun and blackjack were in a glove compartment accessible only from the front seat; the implements in question were locked in the automobile trunk and defendant had the key; and although there was no evidence of any distinguishing marks on the equipment, defendant readily identified it as belonging to his companion. Under these circumstances the lower court was justified in concluding that defendant possessed such tools with knowledge of their character. See: *People* v. *Weiss*, 367 Ill. 580; *People* v. *Mack*, 12 Ill.2d 151.

Defendant also contends that even if he did possess the

tools there was no showing that he did so with a felonious intent. Again we must disagree. He was an unemployed laborer and had no apparent use for such equipment in his lawful employment or in the operation of his car. He was traveling upon a public street many miles from home at a late hour in the company of an individual who saw fit to flee when stopped by the police. His statements, first, that he knew nothing about the tools and then that they belonged to his companion were contradictory in nature. The presence of the police radio and weapons indicates an unlawful design, (*People* v. *Taylor,* 410 Ill. 469,) and defendant's refusal to identify his companion further weakens his claim of innocence. (*People* v. *Spaulding,* 309 Ill. 292; *People* v. *Munday,* 280 Ill. 32; II Wigmore on Evidence, 3rd ed., sec. 278(2).) It is our opinion that upon these facts the trial court properly inferred a felonious intent.

The judgment of the criminal court of Cook County was correct and is therefore affirmed.

*Judgment affirmed.*