(No. 35726.—■■■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALFRED FAGINKRANTZ, Plaintiff in Error.

*Opinion filed Dec. 1, 1960.—Rehearing denied Jan. 18, 1961.*

Morris W. Ellis, of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Alfred Faginkrantz, was indicted in the criminal court of Cook County for the unlawful possession of burglary tools. He pleaded not guilty, waived a jury trial, and was found guilty and sentenced to the penitentiary for a term of not less than one nor more than two years. On this writ of error to review the judgment of conviction he contends that the trial court erred in denying his motion to suppress certain tools found in his possession; that those tools were not designed for breaking and entering; that the State failed to prove beyond a reasonable doubt that he possessed the tools with a felonious intent; that the court improperly disregarded the testimony of a defense witness and that certain comments and questions by the trial judge and by the prosecutor deprived him of a fair and impartial trial.

Upon the motion to suppress the defendant offered the testimony of one of the arresting police officers who testified that he and another officer came upon the defendant in an alley at 4:30 in the morning. As the police car pulled up, the defendant stepped from behind the rear end of his automobile, which was parked behind a plumbing supply firm, with the motor and lights turned off. The officer testified that because there had been several burglaries and attempted burglaries in the alley, they asked the defendant for identification. He told them that he had no evidence of ownership of the car because he had only recently purchased it. His driver's license showed that he did not live in the vicinity, and he admitted that he had served time in the penitentiary for burglary. He told the officers that he was returning from a tavern in the neighborhood and had stopped in the alley to defecate. The officer then told the defendant that they were going to take him to the police station for investigation. The defendant asserted his innocence and, in response to the officer's request, told them

that they could search the car. They did so, and in the trunk they found two air oxygen tanks, an air gauge and an acetylene gauge, a cutting torch, an axe, a hacksaw and a sledge hammer.

The defendant suggests that his consent to the search of his car was not a true consent, but rather a submission to the authority of the police officers, citing *People* v. *Mc-Gurn,* 341 Ill. 632, and *People* v. *Lind,* 370 Ill. 131. We find it unnecessary, however, to analyze the quality of defendant's consent, because in our opinion the evidence was properly admitted regardless of his consent. It was obviously impractical for the officers to attempt to obtain a search warrant. The defendant's unlikely explanation of his presence in an alley far from his home at 4:30 A.M., and his inability to produce any indicia of ownership of the car, coupled with his admitted criminal record and the history of burglaries in the alley, gave the police reasonable cause to believe that he was committing a crime. What the constitution prohibits is an unreasonable search and seizure, and the circumstances of this case do not establish that the search was unreasonable. The trial court did not err in overruling the motion to suppress. *People* v. *Watkins,* 19 Ill.2d 11; cf. *Draper* v. *United States,* 358 U.S. 307; *Henry* v. *United States,* 361 U.S. 98.

Upon the trial the second arresting officer corroborated the testimony of the first. For the defense, Nicholas T. Orlando testified that he was the owner of a "front-end rebuilding automobile organization" and that the equipment in the defendant's car belonged to him. He also stated that the defendant had been working for him at the time of the arrest, and that one or two weeks earlier he had given the equipment to the defendant in order to take damaged front ends off cars that he had recently purchased. Furthermore, he said, the defendant had used a car to haul the equipment because "his truck was bad." The defendant testified, and repeated what he had told the arresting officers. He denied

that they had looked for evidence to corroborate his story, and he denied that he intended to break into any building.

The statute provides that "whoever is found having any picklock, crow, key, bit or other instrument or tool, with intent to break and enter any building, ship or vessel, with intent to commit the crime of murder, rape, robbery, larceny, or other felony, shall be imprisoned in the penitentiary not less than one nor more than two years." (Ill. Rev. Stat. 1959, chap. 38, par. 87.) We have held that to sustain a conviction under this statute the prosecution must prove (1) that the tools are adapted and designed for breaking and entering; (2) that the defendant possessed them with knowledge of their character; and (3) that he intended to use them for breaking and entering.. *People* v. *Esposito*, 18 Ill.2d 104, 107; *People* v. *Taranto*, 2 Ill.2d 476, 482; *People* v. *Taylor*, 410 Ill. 469, 473.

The defendant insists that there is no proof that the equipment that he possessed was adapted to breaking and entering, and he urges that Orlando's testimony indicates that the equipment was designed to be used for lawful purposes. However, Orlando's testimony, as well as the defendant's testimony concerning what he was going to use them for, is directed solely to the question of the defendant's felonious intention and his nothing to do with whether or not the tools were adapted to breaking and entering. As we held in *People* v. *Taylor*, 410 Ill. 469, 473-4, "if [tools or implements] are suitable for breaking burglariously, it is wholly immaterial that they were also designed and adapted for honest and lawful uses." It is common knowledge that a cutting torch, oxygen tanks, an air gauge, an acetylene gauge, an ax, a hacksaw and a sledge hammer, such as were here found in the defendant's possession, are suitable and are used for breaking and entering. They are therefore within the prohibition of the statute despite the fact that they were originally designed and intended for lawful purposes.

The defendant does not deny that he possessed the tools with knowledge of their character, but argues that even if they were adapted for breaking and entering, the State has failed to prove that he intended to use them for that purpose. In the absence of a confession, the requisite intent must ordinarily be proved by circumstantial evidence. (*People* v. *Taylor*, 410 Ill. 469, 475.) Since a jury was waived, it was for the trial court to determine the credibility of the witnesses and the inferences to be drawn from the testimony. (*People* v. *Richardson*, 17 Ill.2d 253, 257; *People* v. *Glass*, 16 Ill.2d 595, 597.) The fact that the defendant was illegally parked in an alley behind a plumbing supply firm at 4:30 A.M. with his motor and lights shut off, that he was far from home, that the police testified that, although they looked, they were unable to substantiate his asserted reason for being there, and that he had in his possession tools adapted to breaking and entering is, in our opinion, sufficient evidence upon which to base a finding of criminal intent.

During the course of the witness Orlando's testimony, the trial judge indicated that he did not believe it. Citing *People* v. *Marino*, 414 Ill. 445, the defendant urges that this was error. The *Marino case*, however, like all of the cases cited therein, involved comments by a judge in a trial before a jury, and the full vigor of the rule there announced is not applicable to a case tried before a judge. Upon such a trial a judge's comments only make explicit what would otherwise be implicit in a finding adverse to the defendant. They thus become a matter of taste, in the absence of a showing of prejudice. In the present case, the remarks of the judge could not have caused the witness to become "nervous and upset" and therefore seriously affected the balance of his testimony, as the defendant suggests, because the record discloses that they were made just before the conclusion of the People's cross-examination of Orlando.

During the course of the defendant's cross examination

the prosecutor stated that he had had "some impeachment evidence. Will you stipulate as to this, the felony?" The defense attorney refused and the prosecutor then said "Let me check what county in Indiana it is. If it's close enough. Knox County, Indiana." The matter was then dropped. Of course the proper way to show a prior conviction for impeachment is by the record of conviction. (*People* v. *Flynn*, 8 Ill.2d 116, 121; *People* v. *Kosearas*, 408 Ill. 179, 180.) Nevertheless, in this case it was not reversible error for the prosecutor to make comments which conveyed the impression that the defendant had previously been convicted of a felony. The testimony from one of the police officers, introduced into evidence without objection, that the defendant had "admitted to me he served time in the penitentiary for burglary," was not contradicted by the defendant. We fail to see, therefore, how the defendant could have been prejudiced by the prosecutor's remarks.

The judgment of the criminal court of Cook County is affirmed. *Judgment affirmed.*