WILLIS, ROBERT E., Associate Judge.
Appellants appeal from a conviction in the lower Court under a charge of possession of burglary tools. On their appeal they question, (1) the validity of the arrest where no felony or misdemeanor was committed in the officers presence, (2) the search without a search warrant, (3) the classification of keys and tools as burglary tools, (4) the seizure of coins, (5) the sufficiency of evidence.
The State being unwilling to accept the appellants’ statement of questions involved has rephrased them as follows:

POINT I

WHERE THE APPELLANTS ARE PLACED UNDER LAWFUL ARREST FOR VIOLATION OF THE VAGRANCY STATUTE AND CONTRABAND ARTICLES, POSSESSION OF WHICH IS ILLEGAL PER SE, AND FOUND IN THEIR POSSESSION WITHOUT THE NECESSITY OF A SEARCH BEING MADE, MAY SUCH ARTICLES BE SEIZED AND USED IN EVIDENCE AGAINST THEM UPON A CRIMINAL PROSECUTION ENTIRELY DISCONNECTED WITH THE OFFENSE FOR WHICH THEY WERE INITIALLY ARRESTED?

POINT II

WHETHER THERE WAS SUFFICIENT EVIDENCE TO CONVICT THE APPELLANTS FOR THE CRIME OF POSSESSION OF BUR-GLARIOUS TOOLS ?
The facts of the case are as follows:
A few days prior to the date of the crime charged herein, the appellants left their home in Louisville, Kentucky, for a trip to Miami. They were driving a 1964 Pontiac Grand Prix, were apparently well dressed, and had more than adequate means to finance such a trip. Upon their arrival *238 in West Palm Beach at about 11:00 p. m. on the date of the crime, Mrs. Butcher testified that she asked the driver to stop so that she could exercise her dog. The driver pulled into a closed filling station, she released her dog, and the other appellants went over to certain vending machines alongside the filling station which were left open to the public; there they allegedly procured Coca Colas.
One Thomas Carve Phillips, an employee of a Merchants Police System, saw appellants from across the street, and after what he thought was about twenty minutes, he called the police, notifying them that a car with lights off had driven into a closed filling station.
Upon being notified of the suspicious goings-on, two police cars proceeded to the scene from opposite directions, and pulled into the station simultaneously, with their lights on appellants. The policemen’s testimony was that Mrs. Butcher was standing outside of the car, and that the other two appellants were standing near the vending machines. Upon seeing the police, Mrs. Butcher got into the back of the car and Appellant Sutherland hurriedly walked to the car, handing Mrs. Butcher a small bag and a ring of keys. The policeman asked Sutherland what the objects were, and when he refused to answer placed him under arrest and reached through the open door of the car, picked up the keys from their visible position on the floor, and taking the bag from Mrs. Butcher’s purse. The appellants were taken to the police headquarters, where they then gave permission for a search of their car.
The search of the car turned up the alleged burglarious tools alleged to have been in the possession of the appellants, to wit: one Allen wrench and one pair of vice grip pliers (together with the keys), and a sock full of change, consisting of nickles, dimes and quarters, which Mrs. Butcher claimed were tips she had saved from her occupation as a waitress.
The State’s brief stresses certain facts, such as the fact that the little bag contained ten other key rings with about twenty to twenty five keys on each ring. They were all vending machine keys of one type or another. The policemen, later that night, took the keys back to the filling station and they were able to open each vending machine after trying the various keys. Further, it is noted that the owner of the vending machines testified that the keys were indeed vending machine keys, and that the appellants possessed far more such keys than a vending machine operator himself would possess. Further, he disclosed that the particular type of Allen wrench that appellants possessed was the type used to unlock such machines, and that the vice grip pliers could force open the machines. The appellants maintained that Sutherland was taking these keys to a friend in Miami. Also, the policemen testified that though the appellants claimed to have stopped for a Coca Cola, no bottles were found.
As to the validity of the arrest, Section 856.03 provides authority which we consider applicable in this case. In Rinehart v. State, Fla.App., 114 So.2d 487, this Court through its opinion by Judge Shannon in a similar situation held that such an arrest was valid. -
In the Rinehart case this Court also held that a similar search and use of evidence so obtained in a prosecution not connected with the arrest was lawful.
There was sufficient evidence to justify the jury in deciding that the appellants were guilty of possession of burglary tools as charged.
We do not find reversible error in any of the points raised by the appellants.
Affirmed.
ALLEN, Acting C. J., and SHANNON, J., concur.