McCORD, GUYTE P., Jr., Associate Judge.
The appellant, L. C. Ayers, defendant below, was convicted of possession of burglary tools and was sentenced to a term of from six months to ten years. His motion for new trial was denied and he now appeals from the judgment of conviction below.
Appellant first contends that the •court below erred in allowing the trial to •continue after the state entered a nolle prosequi of the case. An examination of the record, however, reveals that there was no actual nolle prosequi. Following •an exchange between counsel on admissibility of certain testimony and a ruling by the court adverse to the state, the tran■script of testimony reflects that the prosecuting attorney said: “The State will nol-•pros the case.” Apparently, this statement went unnoticed by everyone except the court reporter. It does not appear to have been noticed by the court, as the judge had the jury return to the box and ■proceeded with the trial. Appellant’s counsel made no objection to further proceedings and no comment was made by anyone regarding the prosecutor’s statement. On inquiry by this court on oral argument ■on this appeal, appellant’s counsel stated be had not heard the statement during trial ■and did not notice it until he read the tran.script. The state obviously did not intend this statement to be a nolle prosequi. It was evidently a facetious remark which was heard only by the court reporter and was not intended to be taken seriously. Such does not constitute a nolle prosequi.
Appellant next argues that the lower court erred in admitting in evidence the tools found in appellant’s possession, consisting of a hammer, a screw driver, a crowbar, a cant hook and a chain, on the ground that the state did not show that they were actually used for an unlawful purpose. Whether or not appellant’s possession of these tools was with intent to use or employ them or allow them to be used or employed for cutting through, forcing or breaking open any building, ■ vault, safe or other depository, in order to steal therefrom money or other property was the ultimate question for the jury to resolve in its determination of the guilt or innocence of appellant from all of the evidence presented in the case. The tools on which this criminal charge is based were properly admitted in evidence.
Appellant further contends that the court below erred in admitting certain evidence and in allowing certain comparisons to be made before the jury of things not in evidence; We have carefully examined the transcript of record and find said contentions to be without merit. Such comparisons as the court allowed were necessary and proper to establish the materiality of the exhibits being offered and appellants counsel did not request that the jury be removed from the courtroom.
Appellant asserts that the evidence in this cause was too circumstantial to support a verdict of guilty by the jury and that the court below therefore erred in failing to grant appellant’s motion for directed verdict in his favor. It is our view, however, that the evidence is sufficient to support appellant’s conviction. It reveals that on the night appellant was arrested a pay telephone owned by Southern Bell Telephone Company was located on the wall in the Avon Launderette in Cocoa; that when the owner of the launderette left at approximately 10:00 or 11:00 P.M. on that night the telephone was there but when he returned the next morning it was missing. Amos Cox, a deputy sheriff, stopped a station wagon automobile driven by appellant at around midnight or 1:00 A.M. and placed appellant under arrest for failing *351 to have a driver’s license. After Cox stopped the automobile he observed a hammer, a crowbar and a large screw driver on the front seat between appellant and another occupant of the automobile, one Benny F. Grady. Cox further observed a half-inch chain tied to the rear bumper of the vehicle with the balance of the chain laid over the tailgate up into the back of the car. Investigator Harold E. Corley of the sheriff’s department was called to the scene. He found a cant hook lying in the back of the station wagon behind the back seat. He further found in the vehicle a bag of money containing $88 in nickels, dimes and quarters, with sand in it. Also in the bag was a small piece of material which was demonstrated to the jury at the trial as fitting a broken piece on a recovered portion of a broken pay telephone. An examination of these exhibits reveals a perfect “jigsaw puzzle” type fit of an irregular break. In addition, damaged pay telephones and parts thereof, as well as telephone • ' booths and parts thereof, were found by Investigator Corley at various places in the general locality, which was sandy beach area. The jury also had in evidence before it for comparison a photograph of appellant’s right front tire and a plaster cast made of a right front tire track found at thé location' of one of the telephone booths which had its telephone torn out. The pattern of the tire tread shown by these exhibits gives every appearance of being the same. The jury was properly instructed by the court as to the use of circumstantial evidence, and the chain of evidence made by this record is sufficient to justify the jury’s conclusion that the tools found in appellant’s possession were used to prize and pull telephones and telephone booths from their moorings and rob them of their contents, and that appellant is guilty as charged.
Affirmed.
WHITE, Acting C. J., and ANDREWS, J., concur.