189 So.2d 830 (1966)
Manuel Angel ESTEVEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 6626.
District Court of Appeal of Florida. Second District.
September 2, 1966.
Rehearing Denied September 28, 1966.
Joseph G. Spicola, Jr., Public Defender, and Marcus A. Wilkinson, III, Asst. Public Defender, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Acting Chief Judge.
Appellant, defendant below, brings this appeal from judgment and sentence entered by the trial court pursuant to a jury verdict of guilty.
Defendant Estevez and a co-defendant, one Manuel Canal, Jr., were charged with the crime of Possession of Burglary Tools under § 810.06, Fla.Stats., F.S.A. They were tried together before a jury, and the evidence developed basically as follows.
Doyle Scott testified that after he returned home on January 27, 1965, about 2:00 A.M., he heard a noise at a nearby service station. He observed someone, later identified as Manuel Canal, Jr., striking a coke machine at the service station with some sort of tool. A car was parked in the station which was closed for the night. Scott stated that Canal struck the machine several times, then jumped into the passenger side of the automobile, a red 1960 Chevrolet, and the car drove off. Scott testified that he immediately got into his *831 automobile and drove in the direction the red Chevrolet had taken. Scott said he did not have the vehicle in sight at all times but that after proceeding five or six blocks, he noticed an automobile parked with its headlights on approximately 150 feet off Dale Mabry Boulevard. He stopped and telephoned the sheriff's office. After making the call, he observed the red Chevrolet that had been at the service station traveling in a southerly direction on Dale Mabry. There were two people in the car. Scott said he followed the automobile, and immediately thereafter a car from the sheriff's office came upon the scene and entered in the pursuit of the red Chevrolet.
Thereafter, testified Scott, Deputy Sheriff Cacciatore stopped the automobile. Scott said he stopped behind Deputy Cacciatore and observed the two men in the red Chevrolet change seats with each other. Scott testified that Manuel Canal got out of the driver's side and the other occupant emerged from the passenger's side of the automobile. The person alighting from the passenger's side of the car suddenly ran across an open field. Scott gave chase in his automobile and observed other sheriff's cars converge on the fleeing man. This man was later identified as defendant Estevez.
The deputy sheriffs involved in the arrest testified essentially to the above facts and also that they found a tire iron or tool on the front floor of the automobile on the passenger's side. This tire tool had red marks on the pointed end. Deputy Cacciatore testified that he returned to the service station where Scott had first seen defendants and observed the coke machine was damaged. The owner of the service station stated that his coke machine was red in color and had been in good condition when he closed up the night before.
Officer Carl VanVlict of the Tampa Police Department's Burglary Division testified that he had investigated hundreds of burglaries and that tools similar to the tire tool found in Canal's automobile were often used.
The jury found defendants Estevez and Canal guilty. Estevez subsequently brought this appeal, arguing essentially that there was insufficient evidence from which the jury could conclude he was guilty.
Section 810.06, Fla.Stats., F.S.A., Possession of burglarious tools, reads:
"Whoever makes or mends, or begins to make or mend, or knowingly has in his possession any engine, machine, tool or implement adapted and designed for cutting through, forcing or breaking open any building, vault, safe or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ or allow the same to be used or employed for such purpose, shall be punished by imprisonment in the state prison not exceeding ten years, or by fine not exceeding five thousand dollars."
Thus it can be seen that the principal elements of the crime are possession of a "burglarious tool" with the intent to use, or allow the use of, the particular tool to commit a crime.
The evidence before the jury was more than sufficient to establish that the tire iron was a "burglarious tool" and that defendants intended to use it to commit a crime. Defendant's principal contention is that he was never shown to have had actual, physical possession of the tool and that element was lacking in the state's case.
There are several Florida cases holding, in a variety of circumstances, that the evidence was sufficient to sustain a conviction under § 810.06, Fla.Stats., F.S.A. See, e.g., Ayers v. State, 169 So.2d 349 (D.C.A.Fla. 1964); Sutherland v. State, 167 So.2d 236 (D.C.A.Fla. 1964); and Rinehart v. State, 114 So.2d 487 (D.C.A.Fla. 1959). We were, however, unable to find any *832 reported Florida decisions bearing directly on the question of whether a conviction can be sustained only if it is established that defendant had manual possession of the tool.
In several jurisdictions with statutes similar to § 810.06, Fla.Stats., it has been held that possession of burglary tools may be joint or several and that these tools need not be in defendant's manual possession in order to justify a conviction for possession. See State v. Perkins, 146 Conn. 518, 152 A.2d 627 (1959); Brunson v. State, 53 Ga. App. 491, 186 S.E. 598 (1936); State v. Langdon, 46 N.M. 277, 127 P.2d 875 (1942); Commonwealth v. Segers et al., 167 Pa.Super. 642, 76 A.2d 483 (1950); Commonwealth v. Breslin, 194 Pa.Super. 83, 165 A.2d 415 (1960); Commonwealth v. Whitman, 199 Pa.Super. 631, 186 A.2d 632 (1962); Burnette v. Commonwealth, 194 Va. 785, 75 S.E.2d 482 (1953).
In State v. Bryan, 69 Ohio App. 306, 43 N.E.2d 625 (1942), the court, in affirming appellant's conviction, stated:
"1. From the presence of the defendant and Nat Colton in the cab of the truck in the parking lot at the unusual time and under the unusual circumstances mentioned where the contents of the unlocked zipper brief case were readily accessible to either of them; from the conduct of the defendant and Colton when the police officer focused the spotlight upon them while they were seated together in the cab of the truck; from their concert of action in leaving the truck; from the conduct of Colton in running to the rear of the truck and throwing the brief case containing various articles, including two loaded revolvers suitable for use and customarily used as burglar tools; from the conduct of the defendant in fleeing from the police officer; and from defendant's previous record of conviction for burglary there was sufficient evidence to sustain the inference drawn by the jury, as shown by its verdict, that the burglar tools, implements, and so forth, contained in the brief case were in the possession of both the defendant and Colton. * *" 43 N.E.2d at 627.
We hold, therefore, that the evidence was sufficient to support the jury's finding of defendant Estevez's guilt, and the judgment and sentence is therefore affirmed.
HOBSON and PIERCE, JJ., concur.