GEORGE EDWARD HESTAND *v*. STATE OF INDIANA.

[No. 311S30. Filed September 28, 1971.]

*Tony Foster, Bingham, Summers, Welsh & Spilman,* of counsel, of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

PRENTICE, J.—Defendant was convicted by jury of the offense of inflicting physical injury with a dangerous weapon while engaged in attempted robbery, in violation of the Acts of 1941, Ch. 148, § 6, 1956 Repl., Burns Ind. Stat. Ann. § 10-4101, and sentenced to life imprisonment.

The defendant has previously petitioned for oral argument herein. Said petition was granted and argument set but later postponed indefinitely. Subsequently, leave for the same having been granted, a supplemental transcript and amended assignment of errors and briefs were received, as well as Appellant's citation of additional authorities. All matters presented

have been reviewed and considered, and we have concluded that the evidence, issues and authorities have been thoroughly presented and that oral arguments would not be beneficial. The order granting oral argument is, therefore, hereby set aside and said motion for oral arguments denied.

Defendant was charged by indictment, along with two others and tried jointly with one of the others, to-wit: Burford Ray Lipps, whose appeal to this Court has been previously determined and is reported in 254 Ind. 141, 258 N. E. 2d 622. The evidence presented at the trial, viewed in favor of the judgment, disclosed that the defendant and several other persons, including Lipps, Jarel Haines and Thomas Pierce, plotted to commit an armed robbery at Daymon's Lounge in Indianapolis. They undertook the commission of the crime by driving to the location where three of them entered the premises and announced their intentions but were thwarted by the presence of Police Officers Pickett and Van Arsdale, who happened to be present and intervened. A shooting confrontation resulted, in the course of which Officer Van Arsdale was injured and Pierce was killed. The bandits who entered the lounge were masked, and after the shooting, the two surviving ones escaped unidentified.

While awaiting trial and confined to jail, the defendant and Lipps summoned a news reporter, Richard Johnson, for a conference. It was arranged, and Defendant and Lipps confessed their guilt to him. Johnson, over objections of the defendant and Lipps, testified as to the confession. The admission of this testimony is one of the purported errors assigned. The identical question was fully considered and decided against Defendant's position in the *Lipps'* appeal, *supra,* and it would serve no useful purpose to here discuss it further. Suffice to say, the statute granting immunity to a news reporter (Acts of 1941, Ch. 44, § 1, p. 128; Acts of 1949, Ch. 201, § 1, p. 673, 1968 Repl., Burns Ind. Stat. Ann. § 2-1733) creates a right personal to the reporter and which

only he can invoke. It cannot be invoked by the person who communicated to the newsman to prevent him from testifying.

Defendant contends that error was committed by the trial court in refusing to receive and hear evidence, outside the presence and hearing of the jury, prior to the submission of the testimony of newsman Johnson relating to the confession, for the purpose of determining the admissibility of such evidence. The record discloses that prior to the receiving of Johnson's testimony, the court did confer with the witness and counsel, in the absence of the jury, concerning the admissibility of such evidence and determined that it was admissible. Assuming, arguendo, that such a hearing would have substantiated all of Defendant's claims concerning the circumstances surrounding the confession, nevertheless there was no privilege running in favor of him, and no reason for excluding the evidence. The evidence having been held to be competent, there can be no error in having refused the hearing which could have only resulted in the same ruling. The ruling in *Miranda* v. *Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, requiring the shielding of a suspect from coercive practices associated with "in custody" police interrogations, was held not to apply to protect one against his own voluntary statements made to a private citizen in an interview requested by the party and conducted outside the presence of the police; (*Lipps* v. *State, supra*) and there is nothing in the record to indicate that Johnson was acting as an agent for the police or in any way to impute responsibilty for the interview or its disclosures to the police authorities.

Defendant next urges that the court erred in failing to declare a mistrial during or following the testimony of Johnson, in violation of Defendant's rights under Article I, §§ 13 and 14 of the Constitution of Indiana and the Sixth and Fourteenth Amendments of the Constitution of the United States, notwithstanding that no motion for such was made in his be-

half. Having determined that the admission of the testimony was proper, there is no necessity of responding to that proposition.

Defendant further complains that he was not fully advised of the charges against him in violation of Article I, § 13 of the Constitution of Indiana and the Sixth Amendment to the Constitution of the United States, in that the indictment charged him only as a principal and not as an accessory under I.C. 1971, 35-1-29-1, the same being Acts of 1905, Ch. 169, § 224 and 1956 Repl., Burns Ind. Stat. Ann. § 9-102, and that the preliminary instructions given to the jury did not instruct on aiding and abetting, whereas among the final instructions was number 34 informing the jury that

> "Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

Defendant argues that had he known that he could be found guilty as an accessory upon his own testimony, he would not have testified and that, therefore, his testimony could not be regarded as voluntary and he contends such failure to advise him of the peril of the accessory statute, either by way of the indictment or by preliminary instruction, amounted to a denial of his rights under Article I, §§ 13 and 14 of the Constitution of the State of Indiana and the Sixth and Fourteenth Amendments to the Constitution of the United States. The logic of this hypothesis escapes us. Apparently Defendant assumes that he was convicted as an accessory because his testimony made him out to be one. There was ample other evidence, however, to warrant his conviction as a principal. The ramifications of this proposition thus becomes moot.

Defendant has further charged that the evidence was insufficient and in furtherance of such contention would have us discard the testimony of Norma Jean Scheid, Jarel T. Haines and Karen Howard, all of whom testified as to the participation by the defendant in the planning of the robbery. Defendant's proposition is that the testimony of these witnesses relative to their participation with Defendant in the planning of the aborted robbery could not be considered by reason of their being co-conspirators. In support of this position he cites *Dye* v. *State* (1891), 130 Ind. 87, 29 N. E. 771, and quotes the following:

> "But it is a rudimental principle that agency, conspiracy or the like, can not be proved by the declarations of the alleged agent or conspirator. To make the admissions of an alleged conspirator evidence there must be some evidence, although it need not be strong, of the existence of the conspiracy. Where there is some such evidence, either direct or circumstantial, the admissions, if made before the crime is committed, is competent, otherwise it is not." 130 Ind. at 89.

The *Dye* case is not applicable. In that case the defendant had been convicted of a conspiracy upon the uncorroborated testimony of the alleged co-conspirator. Here, the issue was whether or not there had been a conspiracy but whether or not the defendant had participated in a crime, the commission of which had been proven.

The judgment of the trial court is affirmed.

Arterburn, C. J., and Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 282.